Dear Mr. Holly:
You ask this office to advise whether a full-time deputy clerk of court may be a candidate for the elective office of assessor, sheriff, constable, justice of the peace, police juror, school board member, or district attorney.
An unclassified deputy clerk is not prohibited by state law from campaigning for local elected office. However, for the following reasons, more fully explained below, it is the opinion of this office that a full-time deputy clerk of court may not continue to hold that position should he be elected to one of the aforementioned elective offices.
Applicable here is the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., the state law which sets forth certain prohibited combinations of public office and/or public employment. A legal analysis relative to the dual officeholding and dual employment provisions first requires a determination as to the types of positions held. This categorization is important because the statutory prohibitions contained in La.R.S. 42:63 apply only to a person holding certain combinations ofelective office, appointive office, and employment as those terms are specifically defined by La.R.S. 42:62.
A deputy clerk of court holds an appointive office as defined by La.R.S. 42:62(2) because it is an "office . . . which is specifically established or specifically authorized by the constitution or laws of this state . . . which is filled by appointment . . . by an elected or appointed public official . . ." The position of deputy clerk is established by LSA-Const. Art. 5 § 28(A), which provides in part that "the clerk may appoint deputies with duties and powers provided by law and, with the approval of the district judges, he may appoint minute clerks with duties and powers provided by law." See also LSA-C.C.P. Art255, which further provides for the position of deputy clerk.[1] *Page 2 
The positions of assessor, sheriff, constable, justice of the peace, police juror, school board member, and district attorney are each considered an elective office as defined by La.R.S. 42:62(1), providing:
 (1) Elective office means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
The prohibition of the dual officeholding law applicable in this matter is La.R.S. 42:63(D), providing in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof . . .
[Emphasis added].
La.R.S. 42:63(D) prohibits the holding of both elective office and full-time appointive office.[2] Further, La.R.S. 42:63(D) also prohibits any "member of any parish governing authority or school board" from at the same time holding "any office or employment with any sheriff, assessor, or clerk of court." Based upon these prohibitions in the law, it is the opinion of this office that a full-time deputy clerk may not at the same time hold the elective office of assessor, sheriff, constable, justice of the peace, police juror, school board member, or district attorney, should he be elected to one of the named offices. *Page 3 
Finally, note that our expressed opinion relative to state law is limited to an examination of the dual officeholding provisions. Any potential ethical questions concerning this matter arising under the Code of Governmental Ethics, La.R.S. 42:1111, et seq., are addressed by advisory ruling of the Louisiana State Board of Ethics. The Board may be contacted at P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] LSA-C.C.P. Art. 255 is entitled "deputy clerks and other employees" and provides:
Except as otherwise provided by law, a deputy clerk of a court possesses all the powers and authority granted by law to the clerk, and may perform any of the duties and exercise any of the functions of the clerk.
Deputy clerks and other employees of a clerk or court are subject to his direction and supervision, and shall perform the duties assigned to them by law, the court, and the clerk.
The clerk of court is responsible for the performance or nonperformance of their official duties by his deputies and other employees.
[2] Full-time and part-time are terms defined by La.R.S. 42:62(4) and (5), stating:
(4) Full-time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) Part-time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the hours of work defined in this Section as full-time.